**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JIMMY DEWAYNE STANLEY** **PLAINTIFF**
***ADC #189431***

**v.** **No: 4:25-cv-00685-KGB-PSH**

**DARRELL WAYNE ELKIN, *et al.*** **DEFENDANTS**

# ORDER

Before the Court are several motions to amend and notices recently filed by Plaintiff Jimmy Dewayne Stanley (Doc. Nos. 133-135, 137-141). Stanley's motions are DENIED for the reasons described herein.

## I. Background

Stanley filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on July 9, 2025, while incarcerated at the Drew County Detention Facility (Doc. No. 2).[1] He filed an operative amended complaint on January 6, 2026 (Doc. No. 37). On April 30, 2026, the Court granted a motion for more definitive statement filed by County Defendants Courtney Hale, Cole Dickerson, Vickie Haynie, Larry Barnett, Aayliah Lee, Seth Abernathy, Torey Simmons, Colby Barnett, Nick Raino, and Sandra Miller (the "County Defendants") (Doc. No. 74), and subsequently scheduled a hearing to allow

[1] Stanley is currently incarcerated at the Arkansas Division of Correction's Benny Magness Unit. *See* Doc. No. 136.

Stanley to clarify his claims orally as opposed to in writing. *See* Doc. No. 110. That hearing was held June 24, 2026. Doc. No. 119 (minute entry).

During the hearing, Stanley clarified that he sued the defendants because he allegedly received inadequate medical treatment at the Drew County jail between July 2025 and March 28, 2026. Doc. No. 123-1 (transcript of June 24, 2026 hearing). He described the following specific claims:

(1) that he informed officer Dewayne Slaughter of his prescriptions after his arrest but he did not ensure that Slaughter got them, and that Hale and medical provider Elkin refused to procure his prescribed medications for him (*id.* at 13-14, 28, 33-37, 63);[2]

(2) that Elkin treated him for an illness but did not ensure he received prescribed medication in a timely manner and failed to treat complaints relating to his blood pressure (*id.* at 10);

(3) that Elkin and nurse Carolyn Iverson did not respond to his medical requests seeking treatment for HIV (*id.* at 11, 41-42);

(4) that jail guards Vickie Haynie, Larry Barnett, and Cole Dickerson ignored his requests for medication, and Hale did not take corrective action in

[2] Stanley alleged he did not receive Trazodone for anxiety and pain and Ketoconazole for a skin condition the entire time he was held at the jail, and that he did not receive his HIV medication (Bitkarvy) on several occasions. *Id.*

response to a grievance he filed about it or otherwise ensure he received prescribed medications (*id.* at 17-24);

(5) that he was denied treatment by jail guards Jackson Boles and Aayliah Lee as well as Hale after becoming very ill, running a fever, and throwing up blood in August of 2025 (*id.* at 24-26, 38-39);

(6) that Elkin refused to prescribe pain medication or obtain dental treatment for Stanley, and that Hale did not ensure he received dental treatment (*id.* at 29-32);

(7) that Hale denied him a COVID vaccine and treatment for COVID symptoms in response to a grievance he filed (*id.* at 43-45);

(8) that despite having reported an allergy to Motrin upon his intake at the jail, he was given the drug by jail guards Torey Simmons, Colby Barnett, Sandra Miller, and Veronica Watson (*id.* at 40, 46-49, 54-56, 62);[3] and

(9) that jail guards Seth Abernathy and Larry Barnett caused him to miss his HIV medication for five days after he was transferred to the ADC on March 18, 2026 (*id.* at 56-58).

---

[3] Stanley also complained that he was given a drug called Pliva. Doc. No. 123-1 at 46. The Court takes judicial notice that Pliva is not the name of a drug, but a drug manufacturer. *See* https://en.wikipedia.org/wiki/Pliva.

At the close of the hearing, Stanley confirmed that he had described all of his claims against the defendants, and he was advised that only his claims relating to his medical issues at the Drew County jail would proceed. *Id.* at 53-54 & 64-65.

## II. Motions to Amend/Notices

Between August 10, 2026, and October 22, 2026, Stanley filed several notices, some of which have been docketed as motions to amend or motions to correct. Doc. Nos. 133-135, 137-141. Most of these notices and/or motions are illegible and/or incomprehensible; however, it appears that Stanley is either reiterating the claims he previously described, adding additional detail, or attempting to add claims and/or defendants to this lawsuit. To the extent Stanley is complaining about his current treatment in the ADC, he must raise those claims in a separate lawsuit against the appropriate defendants. *See* Fed. R. Civ. P. 20 (allowing claims against multiple defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants).

Stanley's motions and requests to amend or correct are DENIED. The Court has repeatedly informed Stanley that he may not amend his complaint in a piecemeal fashion, but must file a motion with a proposed amended complaint attached. *See e.g.,* Doc. Nos. 30, 35, 132. And as described above, the Court held a hearing to allow Stanley to clarify his claims and the defendants he sues and informed him that only those claims would proceed.

## III. Unserved Defendants

Stanley also refers to service of process on certain defendants. In his notice dated August 10, 2026 (Doc. No. 133), Stanley claims that he previously named the following defendants, but they were not added to his case or served with process: Carolyn Iverson, Mary McHenry, and Jason Beatty. These defendants were not clearly listed as defendants in Stanley's operative amended complaint (Doc. No. 37). *See* Doc. No. 38 (ordering service as to defendants Elkin, Jackson, Slaughter, and Hale, and directing Stanley to provide complete names for the defendants identified by their first names only: Torey, Cole, Vickie, Vernoica, Larry, Lee, and Seth). In the hearing held to clarify Stanley's claims, Stanley said that he believed Iverson was a nurse that did not respond to his medical requests, but acknowledged he was never treated by her. *Id.* at 34-35. He believed he had named her as a defendant but she had not been summoned. *Id.* at 11. Stanley named Mary McHenry during the hearing, but only alleged that she gave him Trazodone in 2024. *Id.* at 62. His complaint is that he didn't receive this drug in 2025-2026. Jason Beatty was not mentioned during the June 2026 hearing. *See* Doc. No. 123-1. These individuals are not defendants in this case, and service on them is not warranted.

Finally, service of process has not been effectuated on defendants Veronica Watson and Officer Slaughter. *See* Doc. Nos. 128 & 130. Service was attempted on Watson at her last known address, and the marshal was told she did not live there.

Doc. No. 128. Service was attempted on Slaughter at the Monticello Police Department and returned with no last known address. Doc. No. 130. Stanley is directed to provide addresses for Watson and Slaughter no later than 60 days after this order's entry date. If he fails to do so, the Court will recommend his claims against them be dismissed for lack of service. *See* Fed. R. Civ. P. 4(m).

Proof of service has been returned as to defendant Jackson Boles, indicating that he was personally served by United States Marshals on June 29, 2026. *See* Doc. No. 122. He has not filed an answer.

## IV. Conclusion

For the reasons stated herein, Stanley's motions to amend (Doc. Nos. 134, 137, 138 & 139) are DENIED. Further, he has sixty days to update the Court with service addresses for Watson and Slaughter, or his claims against them will be recommended for dismissal for lack of service.

IT IS SO ORDERED this 4th day of November, 2026.

UNITED STATES MAGISTRATE JUDGE